## Gibson *v.* Erie.

*Payment—Municipal bonds—Insolvency of agent of municipalities.*

Where a bank which is the agent of a city to pay the interest and principal of an issue of city bonds becomes insolvent and it appears that prior to its insolvency an owner of $10,000 of the bonds had deposited them in the bank on special deposit, and that the bank from time to time had collected the coupons and paid over the proceeds thereof to the owner, and it also appears that prior to the insolvency the city had made a call for the redemption of bonds, and had deposited with the bank $40,000 to meet such call, and the bank had redeemed $31,000 of bonds other than the $10,000 of bonds on special deposit, and it appears that neither the city knew of the special deposit, nor did the owner of the bonds deposited know of the call for redemption, and it further appears that the owner of the bonds after the insolvency of the bank recovered possession of them by replevin, the city cannot in a suit brought on the bonds allege that they had been paid to the bank as the agent of the plaintiff.

Argued April 25, 1900. Appeal, No. 132, Jan. T., 1900, by defendant, from judgment of C. P. Erie Co., May T., 1898, No. 21, on verdict for plaintiff in case of Susan Gibson v. City of Erie. Before GREEN, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit upon municipal bonds. Before WALLING, P. J.
The facts appear by the opinion of the court below infra.
The court gave binding instructions for plaintiff.
Verdict and judgment for plaintiff for $11,041.66.

The court refused a new trial, WALLING, P. J., filing the following opinion:

This suit was brought to recover on ten municipal coupon bonds for $1,000 each, issued by defendant January 1, 1887, and being numbered from 31 to 40, inclusive. Said bonds were made payable at the Keystone National Bank of Erie,

Pa., on January 1, 1907, and each of said bonds contains a clause as follows : " Redeemable at the pleasure of the city of Erie on and after the first day of January, A. D. 1897." The proper officials of defendant city in November, 1896, elected to redeem the bonds in suit, and certain other bonds of the same issue, on January 1, 1897, and duly issued a call therefor stating that the city would redeem said bonds on January 1, 1897, and that the interest would cease on above date, which call was duly published in three local papers and in two New York city papers, and, so far as possible, the defendant's city controller notified the original purchasers by letter. It does not appear that the defendant had any knowledge that the plaintiff was the owner of the bonds in suit, or that the plaintiff, who resides at Jamestown, Pa., had any actual notice or knowledge of said call. The plaintiff became the owner of the bonds in suit in 1887, and continued such owner down to the time of the trial of this case, and on September 26, 1887, the plaintiff made a special deposit of the bonds in suit, and $20,000 of other Erie city coupon bonds, in said Keystone National Bank of Erie for safekeeping, at which time plaintiff took a receipt from said bank as follows, viz :

" ERIE, PA., September 26, 1887.

" Received from Mrs. Susan Gibson $30,000 in Erie city coupon four per cent bonds, the same to be held as special deposit, at her risk.

" J. I. TOWN,

" Cashier Keystone National Bank of Erie."

Which bonds remained in said bank until after the failure of the bank, which occurred in June, 1897, and the defendant paid the semiannual interest on said issue of bonds through said bank up to January 1, 1897. The evidence shows that the plaintiff was in the habit of writing to said bank at the end of each six months and each time asking it to send her, or give her credit for, the semi-annual interest on said bonds, which was done. The bank never had any interest in the bonds in question or authority over them, except as such special deposit, and except the special authority which plaintiff gave the bank from time to time to remit her or credit her with the semi-annual interest on said bonds. There is no evidence tend-

ing to show that Mrs. Gibson ever gave the bank any general
authority to collect interest on the bonds for her, or any au-
thority whatever to collect the principal of the bonds. The
bank never assumed to collect the principal of said bonds, and,
so far as appears, neither the city of Erie nor any of its officers
had any knowledge that the Keystone National Bank had pos-
session of the bonds in controversy.

After the failure of the bank the receiver, owing it would
seem to a controversy which had arisen between Mrs. Gibson
and the city of Erie, declined to surrender the bonds to plain-
tiff and she obtained them by a writ of replevin.

On December 31, 1896, the defendant deposited $40,000 in
said bank for the redemption of the bonds which had been called
in, and took a receipt therefor as follows:

"ERIE, Pa. Dec. 31, 1896.

"Received from the Sinking Fund Commisioners of the city of
Erie, Pennsylvania, forty thousand ($40,000) dollars for the
redemption at par of Erie city refunding bonds of the numbers
and of the issue stated in the attached copy of the official ad-
vertisement in regard to same.

"Keystone National Bank of Erie, Pa.

"F. V. KEPLER, Cashier."

The call was for $50,000 of bonds and the defendant had an
arrangement with the bank to furnish the balance when needed.

The bank paid $31,000 in redemption of such of said bonds
as were presented prior to the failure of the bank in June 1897,
at which time the remaining $9,000 stood on the books of the
bank to the credit of the city. Although I infer that the
money had been placed with the general funds of the bank and
used for other purposes.

After the plaintiff obtained the custody of her bonds she did
on January 12, 1898, demand payment of the same from the de-
fendant, which was refused, except that the city offered to pay
one of the bonds, which plaintiff declined to accept. And this
suit was subsequently brought to recover the amount of the ten
bonds.

At the trial the jury, under instuctions from the court, found
for plaintiff for the $10,000 and lawful interest from the date
of such demand. I am still of the opinion that the verdict is
correct.

The city paid this $40,000 to the bank as its agent. And in the redemption of these bonds the bank was clearly acting as the agent for the city and not the agent of the bondholders: Williamsport Gas Company v. Pinkerton, 95 Pa. 62; and it is also there held that there is no obligation on the holder of the bond to present and demand payment upon the same within a reasonable time. And that such holder could not lose by the insolvency of the bank.

The city in the present case was not misled. It had no knowledge that the bank had the custody of plaintiff's bonds. This depositing of the $40,000 in the bank was not a payment of any of the bonds, and was not so intended. It was placed there that the bank might pay off the bonds for the city as they should be presented. Enough was not deposited to pay all the bonds, and certainly the city did not appropriate it or direct its appropriation to the payment of any particular part of the $50,000 call. There was $40,000 of this call of bonds not held by plaintiff, and had all of such other bonds been presented to the bank it would have been plain duty of the bank to have redeemed such other bonds when presented, although that would have exhausted the deposit and left plaintiff's bonds unpaid. In fact the bank did expend $31,000 in redemption of such other bonds. How can it then be successfully urged that the remaining $9,000 actually paid that amount of Mrs. Gibson's bonds; for if the city's placing the $40,000 in the bank operated as a payment of any of plaintiff's bonds it paid them all, which is not contended.

Had the city found these bonds in the possession of the bank and paid the amount to the bank in redemption of the bonds the case would be entirely different.

The fact that the replevin suit, by which plaintiff recovered possession of the bonds from the receiver of the bank had not been terminated when this case was called for trial is not material. The evidence clearly shows that the bonds belong to plaintiff, and she was in possession of them when this suit was brought, and in any event the delivery of the bonds to plaintiff by the writ of replevin gave her a title to them as against the bank: Stewart v. Wolfe, 5 Cent. Repr. 681.

When these bonds were issued the city retained the option of redeeming them on January 1, 1897, and prior to said

date the said city properly exercised such option, and by its own act made the bonds mature on said date. The city called in the bonds and stopped the interest. Therefore, in my opinion, the plaintiff is entitled to recover on her bonds, with lawful interest from the date when demand for payment was made. This result does no injury to the defendant, as plaintiff recovers no interest on her bonds from January 1, 1897, to January 12, 1898.

The case of Allentown School District v. Derr, 115 Pa. 439, does not sustain the defendant's contention, as there the option was that of the bondholder only and of course it could not avail the said school district. Here the city and not the plaintiff was given and exercised the option of maturing the bonds.

And now, March 15, 1900, the rule to show cause why a new trial should not be granted in above case is discharged.

*Error assigned* among others was in giving binding instructions for defendant.

*William G. Crosby*, city solicitor, for appellant.—Municipal coupon bonds payable to bearer are quasi-negotiable in certain particulars, viz: They pass by delivery; the holder may sue in his own name; the transferee for value holds the titles as an original obligee, etc.: Beaver County v. Armstrong, 44 Pa. 63; Whelen's App., 108 Pa. 205; Kerr v. City of Corry, 105 Pa. 282; Mercer County v. Hacket, 1 Wall. 83; White v. Vermont, etc., R. R. Co., 21 Howard, 575; Mayor v. Ray, 19 Wall. 468; Humboldt Twp. v. Long, 92 U. S. 642; Roberts v. Bolles, 101 U. S. 119; Ottawa v. Nat. Bank, 105 U. S. 342; County of Wilson v. Nat. Bank, 103 U. S. 770.

Possession of bonds is prima facie evidence of ownership: Goodman v. Simonds, 20 Howard, 343; Collins v. Gilbert, 94 U. S. 753; Brown v. Spofford, 95 U. S. 474; Marion County v. Clark, 94 U. S. 278; Real Est. Investment Co. v. Russel, 148 Pa. 496; Hey v. Frazier, 1 Monaghan, 759; City of Elizabeth v. Force, 29 N. J. Eq. 587; Duchess County Mutual Ins. Co. v. Hatchfield, 73 N. Y. 226; Cooke v. U. S., 91 U. S. 389; Hubbard v. Tenbrook, 124 Pa. 291; McCracken v. Hamburger, 139 Pa. 326; Robertson v. Hay, 91 Pa. 242; Penna. R. Co.'s App., 86 Pa. 80; Chapman v. Chapman, 59 Pa. 214.

The relation between the plaintiff and the Keystone National Bank was that of principal and agent: The Brig Odorilla v. Baizley, 128 Pa. 283; Siemens, etc., Co. v. Horstman, 24 W. N. C. 396.

Plaintiff had constructive notice of the call for the redemption of the bonds in suit: Short v. Messenger, 126 Pa. 637; Wust v. Erie City Iron Works, 149 Pa. 263: Bracken v. Miller, 4 W. & S. 102; Reed's App., 34 Pa. 207, Phila. v. Lockhardt, 73 Pa. 211; Houseman v. Girard B. & L. Assn., 81 Pa. 256.

Whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it: Herman on Estoppel, 1222; Chidsey v. Porter, 21 Pa. 390; Penna. R. Co.'s App., 86 Pa. 80; Mundorff v. Wickersham, 63 Pa. 87.

*Thomas Roddy* and *Theodore A. Lamb*, for appellee, were not heard.

Per Curiam, May 7, 1900:

Beyond all question the plaintiff never lost the ownership of her bonds by leaving them as a special deposit with the Keystone National Bank. The fact that the bank collected her coupons and sent her the proceeds did not in the least impair her own title to the bonds. The bank was the agent of the city for the purpose of paying the interest, and was also its agent for the payment of the principal to the extent of $40,000 when that amount was deposited by the city for that purpose. The plaintiff has the bonds and is entitled to have the money for them from the city.

Judgment affirmed.